United States District Court
Southern District of Texas
**ENTERED**
May 30, 2024
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| Donna Colbert, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action H-22-2614 |
| | § | |
| Lee Ray Boykin, | § | |
| *Defendant.* | § | |

## MEMORANDUM, RECOMMENDATION AND ORDER

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 30. Pending before the court are Defendant's Motions to Vacate Clerk's Entry of Default, ECF Nos. 41, 43; Defendant's Motion for Extension of Time to Respond to Court's Order, ECF No. 42; and Plaintiff's Motion for Default Judgment, ECF No. 46. The motions to vacate the Clerk's entry of default are **GRANTED**. Defendant's motion for an extension of time is **DENIED AS MOOT**. The court recommends that Plaintiff's Motion for Default Judgment, ECF No. 46, be **DENIED**.

### *1. Factual Background and Timeline*

Plaintiff Donna Colbert sued Lee Ray Boykin, a former Department of Public Safety State Trooper, under 42 U.S.C. § 1983 for wrongful arrest, use of excessive force, and other constitutional violations as well as intentional infliction of emotional distress. ECF No. 1 at 7–10. According to the Complaint, Boykin placed Colbert in his patrol vehicle and forced her to perform oral sex at gunpoint. *Id.* at 4–5. Boykin has since been convicted in federal court of, among other things, deprivation of rights under color of law, and sentenced to 516 months in custody. *United States v. Boykin*, No. 4:21-CR-204, (S.D. Tex. Oct. 10, 2023) (ECF No. 165,

Final Judgment). Boykin is now in federal custody at FCI Pekin in Illinois. ECF No. 48 at 4.

Colbert filed her Complaint on August 5, 2024. ECF No. 1. Boykin was served on August 31, 2022, ECF No. 8, which made his answer due on September 21, 2022. Boykin failed to answer, so Colbert filed motions for entry of default and for default judgment. ECF Nos. 15–18. Boykin responded to the motions by asking for an extension of time so he could seek legal representation. ECF No. 21. The court granted Boykin's request and gave him a deadline of March 7, 2023, to answer the complaint and file a response to Colbert's motion for default judgment. ECF No. 24. Boykin did not file either an answer or a response to the motion for default judgment.

On February 13, 2023, the case was reassigned to District Judge Tipton. ECF No. 25. On July 14, 2023, the court denied the motion for default judgment, given that Boykin claimed not to have been served. ECF No. 27. On August 11, 2023, the court held a status hearing by video. The court refused to enter default judgment against Boykin and ordered that he answer or otherwise respond to the Complaint within thirty days. Judge Tipton referred the case to the undersigned Magistrate Judge for all pretrial purposes on the same day. ECF No. 30.

On August 28, 2023, the court docketed a letter from Boykin stating that he wished to represent himself and that all future documents and filings should be sent to the Federal Detention Center in Houston, where he was then housed. ECF No. 31. The court held a status conference by video on November 2, 2023. ECF No. 33. The court ordered the Clerk to enter default against Boykin and allowed Boykin until November 24, 2023, to file a motion to vacate the entry of default. *Id.* Because Boykin did not file anything, the court ordered that the parties file a status report by January 26, 2024. ECF No. 35. Based on Colbert's status report,

ECF No. 36, the court ordered that Colbert again file her motion for default judgment by January 26, 2024. ECF No. 37. The court extended that deadline to March 11, 2024. ECF No. 39. In the meantime, on February 9, 2024, the court docketed Boykin's status report, ECF No. 40, and his Motion to Vacate Clerk's Entry of Default, ECF No. 41.

In Boykin's February 9, 2024 status report he denies some of the assertions Colbert made in her complaint. In his motion to vacate the entry of default, Boykin states that he mailed a motion to vacate entry of default on December 13, 2023, and explains that his late filing was due to his transfer to the Illinois facility and his lack of postage stamps. ECF No. 41. On February 16, 2024, the court received Boykin's Motion for Extension of Time to Respond to the Court's Order, ECF No. 42, and his Motion to Vacate Entry of Default, ECF No. 43. In the motion for extension of time, Boykin discusses the many difficulties he had sending and receiving documents in the prison facility and his confusion about the court's address. ECF No. 42. In the motion to vacate entry of default, Boykin further details his confusion about dates, changes of judges in his case, and the difficulties he had in connection with being transferred to the Illinois facility. ECF No. 43. He explains that, upon arrival to Illinois, he was placed in the Special Housing Unit and was denied access to his property. *Id.* at 2. He indicates that he desires to represent himself and take the case seriously. *Id.*

Turning back to Colbert, she failed to file her motion for default judgment by the March 11, 2024 deadline. On April 22, 2024, Colbert filed a motion for leave to file the motion for default judgment out of time. ECF No. 45. Because Colbert's counsel was having difficulties communicating with Colbert, the court granted the motion and allowed the late filing. ECF No. 47. Boykin has responded to the motion for default judgment. ECF Nos. 48, 49. In his responsive pleadings, Boykin reiterates the difficulties he has

had in complying with court orders within the prison setting. It is now clear that Boykin has settled into his designated facility and is able to receive mail and communicate with the court. It also appears that Boykin is interested in defending himself in this case.

### 2. Analysis

Plaintiff moves for default judgment under Federal Rule of Civil Procedure 55. ECF No. 16 at 2, 10. Default judgments are a drastic remedy and are disfavored. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Before entering a default judgment, the court must determine: (1) if default judgment is procedurally appropriate; (2) if plaintiff has presented a colorable claim; and (3) how to calculate damages. *Vela v. M&G USA Corp.*, No. 2:17-CV-13, 2020 WL 421188, at *1 (S.D. Tex. Jan. 27, 2020). The court must consider relevant factors including:

> whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893.

Considering the foregoing factors, the court is not persuaded that entering default judgment is appropriate in this case. First, while Boykin has missed deadlines, entry of default judgment in this case would not be procedurally appropriate. Boykin has communicated with the court, he has explained the reasons for his failures, and he has shown a willingness to defend himself. It is clear that there are issues of material fact, given that Boykin has denied some of Colbert's allegations. Many of Boykin's failures are due to circumstances beyond his control, such as lack of access to his property and being placed in segregation.

4

A default judgment in this case would be an extremely harsh remedy and is unwarranted. While the court is sensitive to the delays that have occurred in this case, the court is also cognizant of the fact that Plaintiff has missed her own deadlines, albeit for good cause. In the end, the court would be obliged to set aside default were it to be entered.

Accordingly, Boykin's Motions to set aside the Clerk's entry of default, ECF Nos. 41, 43, are **GRANTED**. The court recommends that Colbert's Motion for Default Final Judgment Against Defendant Lee Ray Boykin Jr., ECF No. 46, be **DENIED**. Boykin's motion for an extension of time, ECF No. 42, is **DENIED as MOOT**.

Boykin is **hereby ORDERED** to place in the prison mail by June 28, 2024, his answer to the Complaint or his motion under Federal Rule of Civil Procedure 12. If Boykin chooses to answer, he shall respond paragraph by paragraph to each and every allegation in the Complaint, as is required by Federal Rule of Civil Procedure 8. By June 28, 2024, the parties shall file a **JOINT** status report setting forth a discovery plan for the case and proposing a scheduling order to govern the remainder of this case.

Boykin is hereby **ADMONISHED** that failure to participate in this case will result in a default judgment against him.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal

conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on May 30, 2024.

Peter Bray
United States Magistrate Judge